Next case and our last case for today is Rosedale and Rosedale Rosehill rather Cemetery Association versus Township of Readington numbers 21-1391 and 21-1403. Council we're glad to see you today. We wish we were live but circumstances don't really allow that right right now but we're rules apply as in normal arguments regular arguments. We're going to have 15 minutes. I'll keep track of time. I suggest you do the same. Appellants have two attorneys arguing on their side. Ms. Chung has 10. Mr. Cushing has five. Will there be a request to reserve time for rebuttal? Yes your honor the state will request three minutes for rebuttal. Okay that will be granted. Okay terrific. Well then Ms. Chung you may start. Good morning your honors and happy new year. I'm Amy Chung DAG representing intervener appellant the state of New Jersey. May it please the court. This is a case about home rule. In 1885 New Jersey concluded that decisions about new cemeteries should be made at the local level where the people are most closely impacted by this public welfare issue. And so it adopted a statute which has been in effect for over a century that delegates legislative decision making over new cemeteries to local legislatures. The question before this court. Things I hope that you you get into. Is this a legislative grant or is this more executive or administrative? But you can go ahead. The question before this court is whether that statute is spatially invalid meaning that it must be struck down in its entirety. And the reason the question is that what what she judges asked you is a very important question. So maybe before you go much further you could address that question. Is there a legislative grant or is it some kind of regulatory or enforcement grant? Yes your honor. It is a legislative grant of legislative authority. The municipality is deciding whether to consent to a new cemetery based on the policy reasons that would either support or not support the new cemetery. It's not administrative. To the extent that the statute used to provide for both review by a local board of health that would be the administrative part of it. But that particular mechanism the legislature decided was was not necessary. And so all that remains is the grant to the municipality to make a legislative decision as to whether there should be a new cemetery. What's your best case for the proposition that a grant of legislative authority has to have within it some parameters that would govern the exercise of authority under that under that grant? The district court relied primarily on Yick Wo. But but Yick Wo strikes me as just the universal way from where we are here. As are all the other cases that the district court relied upon. From your position what's your best case? Your honor the best case is the association of Cleveland firefighters out of the sixth circuit which very clearly held that the void verbatim doctrine does not apply to delegations of legislative authority. In Cleveland firefighters the city charter provided for the city council to make decisions as to whether a non-resident could could work for the city. And the court was very clear that void for vagueness does not apply because the city council was acting in a policy making way. And that case relied upon the ninth circuit's decision in souls right? Yes your honor. I mean but if we were to agree with your argument we'd be it seems to me we'd be going a little bit further than our sister circuits here in applying that rule right? No your honor you would be following that strongly persuasive case law from the sister circuits. The the one of the fundamental errors on the district court's part was that it read case law about delegations to executive officials to individuals as somehow applying to municipalities that are making legislation. And the case went sideways there because legislators have structural safeguards in place that individual police officers or immigration judges do not. And that is why the void verbatim doctrine does not apply because the lawmaking process is what provides due process here. The municipality can take no action until the matter is heard in an open public meeting to which the public's invited. The municipality has to consider comments from the public at that meeting. It has to then decide what the contours of its resolution is going to be. It has to vote on that resolution and and at the end of the day if the people do not agree with what the municipality with what what their elected officials have done those electors can be the elector can vote those officials out of office. Whereas those but doesn't that whole process hurt your argument here? What were the witnesses? What was the testimony that was introduced on the record by those opposing the the application for a cemetery? Was there any evidence at all that was introduced against the evidence that was introduced by the folks from Rosedale? Your honor this is a facial challenge and so the testimony below the facts below that all pertains to Rosedale's as applied challenges. That's really a helpful response now if you just answer my question. There was testimony on both sides your honor as to the testimony. Okay all right go ahead. You can continue. So because this is a facial challenge uh the district court struck down the consent provision in its entirety on the basis that a delegation to a local legislature must contain specific instructions on how to use that power or else be void for vagueness. But as we've discussed the six and nine circuits have held that void for vagueness rules do not apply to delegations of a state's legislative power from the state level to the local level. Void for vagueness is a procedural limitation on delegating power to executive and judicial actors and it makes no sense as a limitation on legislation because it is the lawmaking process itself that provides due process. Under the consent provision local legislatures set the terms they wish and they may announce criteria for whether and when they will consent to the development of new cemeteries. Nothing changes because New Jersey operationalized that delegation by requiring municipalities to consent to new cemeteries rather than stating municipalities have plenary authority over new cemeteries a holding which would improperly elevate form over substance and which the sixth to be clear how Redington used its long-standing authority relates to road sales as applied challenges but that does not support a facial invalidation of the 1885 statute which is all that the district court did below. Can I go back to what I first asked do you have a sort of a workable framework for us to distinguish between delegations of legislative power versus administrative or executive power? I mean how how in the future should we should courts be looking at this? One obvious answer is who is making the decisions if the legislature is delegating to a sub-legislature to a political subdivision such as a county or a municipality that would be legislative. If the delegation is to an administrative agency to even as I mentioned earlier the the state did provide for appeals of denials and approvals of consent to further administrative agencies that would be a delegation of administrative authority but here the consent provision is is clearly a delegation. The state legislature is telling municipalities that they can choose whether to allow a new cemetery within their borders. This goes back to 1885. There are clear public policy reasons why municipalities are best suited to be making these decisions at the local level and so so the the who the authority is delegated to is definitely a factor for this court to consider and also to the extent that that decision making involves a matter of of general applicability. For example whether there should be a new cemetery or would be of general applicability. If if this were a mere zoning case or a licensing case it would be beyond just it would it would lead to administrative decision making as to a particular company but here the delegation is broader than that. Okay I see your time is is up. Do my colleagues have any other questions for now? No thank you. Okay thank you Ms. Chung. We'll go on to then Mr. Cushion. Thank you Judge. I think that there's a couple of points to follow up on the states. We think that the argument that this is void for vagueness creates some very dangerous precedents and I think the court ought to take a look at 4048-1 and 4048-2 which are the ordinances that generally regulate municipalities and what I'd like to do Judge is just explain that 4048-1 gives the general authority of the municipality to regulate by ordinance okay and it talks about a whole bunch of different areas that a municipality can regulate and I'm just going to pick one or two because I think it highlights the point of the danger of applying the void for vagueness doctrine to municipal actions. One of the regulations under that statute is a municipality may maintain order, prevent vice, drunkenness, immorality, prevent and quell riots, disturbances, etc. Okay another section says that they can regulate auctions and noises and in terms of regulating noises there are no standards in that particular delegation of authority. It simply says you prevent disturbing noises. There's no definition of what a disturbing noise is. That's something that grants to the municipality, that grant of authority gives the municipality the ability to legislate and come up with regulations in that regard. The other area that I think I'd like to point out Judge is this statute that we're talking about today is not vastly different from a land statute in the sense that here the municipality is given the initial right to decide whether to have additional cemeteries. Under the land use law it also has certain rights with respect to cemeteries. In this case I think it would be an unseemly result if you could have a situation where under the statute we're talking about today a municipality would not be able to make a policy decision as to whether to have cemeteries but under the land use regulations it could accomplish the same result but not be subject to the void for vagueness doctrine. Now it would have to comply with the MLU of the municipal land use law but a municipality can make various decisions under that law as to whether you're going to have a residential zone, a commercial zone, an industrial zone and those are not. I'm not sure that argument helps you because this is not given this record it looks to me like the the authorities here didn't simply decide they did not want to have a cemetery. They didn't want to have this cemetery by Rosedale and Rosedale Cemetery Association. That's who they were excluding not the notion of a cemetery. In fact the record that was developed would suggest that there really is a need for the cemetery because more folks are at cemeteries number one and you have this what at least to me a very disturbing comments by one commissioner and I think the mayor may have chimed in in a similar manner that you know well if this were a catholic cemetery this would be different. Now to me that really puts the poison in the well when you when you get into that that kind of a consideration. I agree with you Judge. The comments were not ones that as a municipal attorney I would want to have my officials make so I get that but let me suggest two things as Ms. Chong pointed out that's the as applied aspect of this and then secondly Judge the municipal I'm sorry the district court Judge and the plaintiffs argue oh look they have this what appears to be bad conduct here and there's got to be some regulation on the mechanism to prevent this very type of conduct that you're arguing that there is under New Jersey law that exact type of regulation that would prevent the municipality assuming that the conduct was as you describe from being able to get away with it if you will and again I'm just I'm making arguments here I'm not conceding that point but there's a case that I think it's really on point which is it is a Dover case and basically it's a case involving a situation Dover New Jersey Dover Township New Jersey where what was going to happen was a remote section of Dover Township which happened to be on a barrier island wanted to de-annex itself from the township of Dover and so what happened there is Dover had to consent to the de-annexation. Initially Dover did not consent and it gave no reasons whatsoever you know arbitrary clearly you know there's no explanation as to why the governing body acted so there was a remand to Dover to say well tell us the reasons why you're not properly exercising your discretion here and the Supreme Court of New Jersey Justice Proctor held that look it is properly within the scope of New Jersey courts to review the actions of a governing body the legislative actions of a governing body so that we don't have arbitrary conduct we don't have discriminatory conduct we don't have truly arbitrary conduct and we don't have conduct that is okay you don't get the approval for the cemetery because you're a bunch of Democrats and we only have Republicans here so there is protection against the arbitrary aspect of the conduct of the municipality which I believe that what you're being what your primary concern is judge so it doesn't need to be done through the vague void for vagueness doctrine that isn't something that should apply to a legislative activity that should apply to an administrative activity and it should apply when it should apply to what is a legislative activity in terms of the decision as to whether to locate a cemetery but it's not a municipality is not free to do that without judicial oversight so I get your points and we'll have to deal with those points later in the case I'll have to figure out what to do with that I just want to be clear if you have yes sir on the facial challenge this has got to be remanded for correct challenge right correct okay we have other arguments to come up with at that point in time judge which we hope will prevail thank you judge all right that's that's as much time as you have if they have any questions they'd like to pose okay well let's let's hear from uh uh Pelly's counsel thank you your honor uh may it please the court my name is Mark Titici representing Rosedale and Rose Hill Cemetery Association uh your honors I have three points I'd like to make to you but before jumping into those I wanted to pick up on the question Chief Judge Chigares raised at the beginning about the whether this is a delegation of legislative authority or not simply put it's not and there are a number of reasons for that one it wouldn't matter who the decision maker was here this is a ban on a particular type of activity or conduct and then a statement that there is some decision maker out there who can give you an exception to it under a standard we're not going to tell you until after the decision maker makes his or her decision this could be the cemetery board it could be someone else in the executive branch of the state of New Jersey it could be the township committee as it is here second the idea that by designating it to the township committee it must be to a legislative authority is simply false under New Jersey law under New Jersey law the township committee is both the legislature for the township and an executive board that's New Jersey statutes 40 colon 48 colon 63 dash 6 subparagraph c it retains all executive authority not specifically given to the mayor so they have both legislative and executive authority the fact that it's in the so now let's i'll ask you what i asked your adversary which is what's what's the sort of analytical framework that or rule that will allow us to decide whether something is legislative versus uh versus executive or administrative because it sounds to me like there may never be a case where it's it's legislative only maybe you can help uh help us maybe give us an example of something that would be legislative i think you're on well i will i'll answer your honest question two ways first very specific to New Jersey New Jersey says that municipal decision making must happen one of two ways resolutions or ordinances ordinances are the legislative acts for municipalities that's how they legislate by contrast or resolutions are statements of decision shall this person be hired as the town solicitor yes or no should we approve this contract with a extraction vendor yes or no those are resolutions ordinances are how the townships and municipalities in New Jersey do legislation here the legislature said specifically this must be by resolution it it said as clear as it could this is not a general statement of policy this is the second answer to your honest question this isn't a generally applicable statement of policy this isn't the municipal land use law where they delegate zoning authority to municipalities to resolve things by ordinance and that is how you know that they're prescribing generally applicable rules of conduct that anyone whether you're a resident of the township or a potential developer can go and consult and say well this is how i want to know what i need to do to either build or not build in this in this area i go and i consult the ordinances and in New Jersey that's that's the answer is that dichotomy between resolutions and ordinances more generally i think you know we can work on a verbal formulation that captures the idea that there are generally applicable rules of policy that makes something legislation as opposed to expressions of opinion or decision on particular matters which feel much more administrative executive adjudicatory um than that legislative answer it sounds like you're putting a lot of emphasis on whatever the label is it's still isn't it still the act of a legislative body either way uh it's the act of a body that wears two hats runner and that's that is the problem here which hat do they have on when they when they undertake to determine whether or not they should consent to a cemetery well according to the legislature your honor it's the executive one because it says they have to act by resolution not via an ordinance again the dichotomy is crystal clear ordinances are legislative and resolutions are are statements of opinion or statements of decision on particular matters you're saying a legislative body could not um enact a resolution or do something about it can do that by resolution your honor but again it's it's not acting it's not prescribing legislation when it does that it's it's at least under new jersey law again i can't speak more generally but the way that the new jersey statutes and we cover this in our brief it dichotomizes between resolutions and ordinances in a way that i think avoids you know chief judge udara's the broad question you're answering needing to resolve that for all time and all circumstances for new jersey for this case for this statute the legislature's answer the question for you let me ask you what i asked miss chung and that is what's your best case um as i as i indicated in my discussion miss chung the district court seemed to rely primarily on uh which um to me it doesn't apply here at all what what for your perspective what is the best case uh you're not going to like my answer then your honor which is i think is a very important case i think the nothing to do with this case again your honor i respectfully disagree this court has cited it before for void for vagueness principles we've started to avoid for vagueness when there's been discriminatory enforcement and that's all it was about there was a very very vague statute or ordinance in that part in that case and the authorities relied upon that the void the vagueness in the ordinances to make sure that chinese uh owned uh laundries were shut down and put them out of business it was discriminatory enforcement and they could get away with that because there were no standards in the underlying ordinance that is not what we have here well your honor again i agree that this is an as applied challenge i think that the reasoning of yet quo is is very persuasive because it explains the evils that arise from vague statutes i think if you look when do those evils when do those evils arrive they they arise in the perhaps decide who should be uh what conduct should be penalized and what should not be penalized but in the general context of a legislative grant you know what i was thinking of in this case so let's say there was a statute which gave the you've kind of alluded to this gave the local authorities the power to enact uh property tax well would that be void for vagueness if it didn't set forth in detail what had to be considered in enacting the property tax um whether or not it was developed properly and not develop property the kind of development on the property under the district courts uh and holding here that would be an unconstitutional void for vagueness grant of authority to promulgate property taxes respectfully your honor i couldn't disagree more vehemently with that well you have to disagree because you lose if you agree but but what's the difference between that kind of unlimited uh grant of here i think your honor it is this goes back to the question where we started it goes back to again if there's legislative authority or not no one disputes that the new jersey legislature can give local governments the ability to create zoning ordinances for the use of property within their jurisdiction they've done that in fact reddington has used that power in this case to eliminate all future cemetery use um within its borders they don't need the cemetery act to do that because they can use the land use power no one disputes that that's a valid exercise of the legislature mr cushing is taking notice as you say this well then i'll hasten to note that we are grandfathered to avoid that being applied to us in this particular case but um nevertheless that that that is an end that can be accomplished another way which um is another one of our arguments but judge mckee according to your earlier um your earlier question of best cases i think it's notable that high courts in maryland indiana california and florida have all invalidated very similar cemetery act statutes on vagueness grounds and again if you want to zoom in further to new jersey um you can look to the new jersey supreme court's case in the abrams decision which is a residency restriction in the city of newark the city of newark had an ordinance that said if circumstances exist you can get an exemption to the residency requirement um the supreme court said no that doesn't give anyone either the deciding officials or current or prospective employees any idea what they're supposed to do um or what facts would give rise to an exemption and i think if we're talking about residency cases much more so than the cleveland firefighters case um i think that one both because it's new jersey and the courts in the legal system we're talking about here and because it actually applies a legal framework of vagueness as opposed to i think it's a little bit more of a kitchen sink way in the circumstances is this good policy approach that the sixth circuit took um in cleveland firefighters the abrams case is one that's a much better guide for for this court when you're looking for vagueness this is what was the evidence and as miss chunk correctly noted this goes more to and as applied challenge than a facial challenge but what was the record evidence uh that was produced uh to counter the witnesses that roosedale produced uh in terms of why this cemetery uh application should be approved what was there was some there was some there were concerns about preservation of historic buildings and grass mowing and noise creation and things like that but all of those resulted in concessions from the cemetery association to the township to address those concerns that were raised which is what led uh judge wilson in her opinion to note um that it seems like there may not have been anything that the cemetery association could have done because every time an objection was raised well there wasn't anything you could have done it's pretty clear other than uh convert to catholicism there's nothing you could have done to get this cemetery application approved and then if it doesn't go back that's count three i think you've gotten as applied claim and count three and four um but in terms of the facial claim um that standard is so incredibly high yes your honor it is and i guess with my remaining time i do want to talk about that a little bit um i think it's notable in this case neither the state nor um nor the township actually defends the statute as written no one no one has said at any point in their briefs or in this argument that if you just look at section 25 day of the cemetery act it it has a standard in it the only way they are alleging though that there are other provisions of the new jersey statutes which have to be read in context with this statute which gives the kind of guidance that you're saying uh is lacking in the cemetery provisions itself that's right your honor and i think the salient point is that again that just brings us to a question of statutory interpretation can you read the statute can you fairly read the statute that way and the township has argued you have to import the public need and public interest standards from subsection d again that has existed for 50 years the consent provision has existed for over 100 at no point has the legislature decided to cross cross marry the two and move the public interest public need standard from d into a and apply a standard to it there's there's no textual basis for reading a cross reference in the the state has argued for the good government standard again that's not applicable that's how the state defines the general grant of municipal decision-making authority to municipalities and says that these are they take such actions as are for the furtherance of good government it's not applying a standard to guide all municipal decision-making in fact the decision that the state itself relies on wagner says that this is not something that can displace more other grants of specific authority elsewhere in the new jersey code and again the cemetery act stands alone it's its own statute it needs to be read for whatever standard it does or doesn't contain or that it attempts to apply or import but it doesn't do one uh the the state and township argue according to this court's decision in montgomery there the court looked at legislative history and said well if you look in the legislative history there's a public interest standard but again no one has pointed to anything comparable here there simply is nothing that one can rely on in this statute to have a standard that governs consent decisions under subsection a could i ask you just to i i know that you moved on but your adversary again relies and you and you touched upon it uh on on cleveland firefighters and and souls are those decisions wrong or are they just inapplicable i think souls is inapplicable your honor that was a you know the way the ninth circuit described it was that it was a an organic law that conferred legislative power on a local government so that is the equivalent of the new jersey constitution conferring a purely legislative authority on a local government that is not the circumstance we have here again for the for two reasons one it's not an organic law and two this is not conferring legislative authority for the reason i think the cleveland firefighters um cases is different it's distinguishable because again the interest there wasn't as isn't as i think meaningful as it is here um but i think at the end of the day yes that one is just wrongly decided i i don't know any other thing to say about it other than that it has the same problems as here where there was nothing to guide town council decision making um and there's a pretty square conflict between the supreme court of new jersey on the one hand in abrams and the sixth circuit um in cleveland firefighters both residency cases both raising vagueness questions your honors obviously know which one of those two i'm going to pick in my position here but i i still think that um the abrams case is the better reason to the two well let me ask you a question then um if if if we uh i guess discern a rule from there uh such that uh that um that all legislative if it's a legislative delegation avoid for vagueness is a no-go can you still prevail uh yes your honor again well assuming you don't also tell us that what for all the reasons we've talked about this isn't a legislative delegation um it's it's right i understand that but i'm just wondering about you know can we agree on uh that if it is a legislative delegation that uh that the facial challenge based on void for vagueness is a no-go i'm not sure i'm understanding your question your honor i think we can agree on the on the first step of that analysis which is if it were a pure delegation of legislative authority would we say that void for vagueness applies and i think the answer is no again this is the same thing it's okay you can keep talking uh that your honor that um in that circumstance the void for vagueness doctrine um doesn't that's the same thing we're talking about with the municipal land use law we recognize that the legislature can delegate lawmaking authority to local municipal bodies it has a lot of standards it needs to comply with then under new jersey law and under the state constitution but it doesn't those kinds of delegations don't trigger the animating concerns of the vagueness doctrine you're not worried then about arbitrary enforcement to judge mckee's point earlier and you're also not worried about notice to the public because the public doesn't have a have a dog in the fight you're not you're not conferring a benefit directly or imposing a penalty directly you're kicking the can to another body to set a standard that will guide future enforcement decisions again this just isn't one of those cases so our analytical focus is just simply as to whether this is uh well at least one of them anyway is whether it's legislative or administrative or executive delegation yes your honor can i ask you another question it is uh on a different topic you know it's a you you have a void for vagueness challenge uh must the plaintiff have a protected property interest yes your honor what is your client what is the protected property interest here um so the the property interest here under new jersey law when you apply to use land once your application is conforming with all requirements all legal requirements to use the land you have a right to that land approval and so i think our interest is twofold on the one hand the township has conceded in its papers here in this court i'm sorry the district court that we've complied with all requirements before the planning board for a site plan for this use of this land um to be approved one second um the the zoning board didn't formally approve the conditional use application though right that's correct it hasn't approved it yet under new jersey law it's a pizomantine case we cite in our brief they're required to they don't have the discretion to deny it so even though it hasn't formally checked the box yet there's there's no discretion remaining in them to deny it um and that's new jersey supreme court decision um on that point and on the other hand we have a certificate of authority that allows us to operate a cemetery on that property so we have on the one hand a must issue you know guarantee of the use of the land and on the other a license from the state cemetery board that allows us to operate a cemetery on that um the only thing that we have left to secure is is the consent which again is the the law we're challenging but the permit to operate but the licensure to use the land for that particular occupation can't be can't override other legal requirements in state law so i understand that you can operate a cemetery if you are allowed to operate a cemetery and that's the very question that's before so how does the occupational standard get you anywhere because i think judge i think chief judge's point is is an important one you only can make these other arguments potentially if you have a property interest and it seems as though the property you have is land in redding township but everything else is contingent upon state action and so so where did the property interest under the due process accrue at this point i think well you know i think that two answers to that one is the state and the township want to use section 25a in this context as both a sword and a shield they want to prevent use it in this context to prevent a property interest from ever accruing by saying there's a statute out there that prevents you from ever acquiring an interest in land but at the same time also use it to deny the application the interest has accrued by virtue of the guaranteed right to use the land and the license to operate our our business on that land yeah but the interest already accrued i don't i don't i don't want to argue for them but i i don't think that the township or the state is saying you don't have an interest in land i think what they're saying is is what you do with the land is subject to certain requirements and so it seems as though that's the unresolved question so if that's unresolved then how how is it that you've a property interest that's my concern too yeah and i so again two answers i think in part because that is a that is the um interest that can't ever comply with the interest with that requirement because they deny it will never acquire the interest we need to challenge it so i think there's there's a moment i'll follow you on that it seems to me you have you have the land um no matter what happens in terms of the use you have the land you're arguing you have a constitutional property interest in a given use of that land even though you have the land contingent upon something happening that never happened despite the fact that didn't happen you're saying you have a 14th amendment property interest in in the possession of that land but you can possess it you can't just possess it in the way you want to possess it you can't use it in the way you want to use it i'm not sure i'm following your argument because it sounds maybe it's that i'm not understanding it maybe it's that well i think there's some circularity here your honor and i think that's part of what's challenging um at least also from my perspective because the argument is that we we can't perfect a property interest because section 25a of the cemetery act says we need consent the problem is that when you say it like that it puts the rabbit in the hat because when you say you can't perfect the property interest that assumes you have a property interest which can't be perfected given certain conditions happening i'm not sure you're there yet i'm not sure that property interest in the sense that you're using the term the property interest here in terms of maintaining a secretary cemetery on that land as opposed to owning in the land and of itself because you can own it you can possess it you can use it but you can't use it for a cemetery absent certain approvals which happen to come your way and yeah and your honor to that point maybe at least half of that equation is this is the authority which we have been granted by the state the state says we can use that not just use the land but use it for a cemetery literally the only thing that we don't have and that's why i use the term perfected literally the only thing missing i'm not whether our opposing counsel disagree with that is is this is a 25a approval there's an approval under section 25 and again if that's the case it seems too clever by half to say we can never challenge section 25 because they never give us approval under section 25 well or it also could be said it's too empty to be full meaning you don't have a full property interest that was ever granted so i i i hear what you want but i'm still struggling to understand where it has accrued and you can only challenge it i think everyone agrees you can only challenge it if you have a property interest but but you're you seem to be agreeing you don't have that property interest yet and i understand you're using the term perfected but i think what that means is we don't have the property interest yet but yet we should still be able to say facially yeah this is oh this is this is vague under a separation of powers theory that imports basically a non-delegation doctrine standard from the federal constitution into the state constitution and that's why there's problem and i i get it i'm just not sure that there's authority for doing all of that yeah and the only other point i've raised in that regard i certainly hear what you're saying and i think that there there is a i think there is a property interest here in the combination again of the must approve permit for the land and the license to use the certificate of authority to use it in this way um and that if the state can interpose a block on perfecting a property interest that then prevents anyone from ever suing over it that that seems like that guts to a significant degree the due process protections and the only other point i'll raise on that your honor um is that as we know it in our brief this is not a point the state of new jersey raised below i'm not pushing forfeiture on any of their other arguments here during this conversation in part because you know those other ones at least go to the question whether this statute is constitutional or not is it is it is this we want the court to get to the right answer here um this one is a little bit more in the vein of well you're not necessarily the right people to be challenging it and again the response to it two is two points is one maybe that's an argument we think they should have raised below and two to the point we've been discussing if their argument is right then no one can challenge it it's not just not us it's not anybody and that's a problem i'm not sure i understand that can you elaborate on that well if we if oh you're saying because you don't have the property interest right if you can never get a property interest because of 25a then no one can ever sue to challenge on a piece of facial challenge well that's but that's rather than that you can't bring a facial challenge but you can bring and as applied challenge and that's a way of protecting this inchoate property right that you have i mean i see my opposing counsel nodding and uh in agreement with that your honor he's calling you see my questions are my questions are putting him to sleep he's not not he's he's he's we're losing him yeah well uh i asked my uh uh you're you're uh over time now and i asked my uh my colleagues if they've got anything more they'd like to ask very interesting make a nice law school exam yeah thank you guys okay all right thank you uh miss chung we'll hear your rebuttal thank you your honor i have four points i'd like to make uh first if yikwo was the strongest case for rosedale this case is basically over judge mcgee is totally right that yikwo is completely distinguishable from this case for example and and we briefed this in in our reply brief uh yikwo is an as applied equal protection case neither which is relevant for this facial boy for making this challenge uh yikwo involved a criminal ordinance yikwo was actually in jail because he wouldn't pay the fine to uh uh get out so there's a whole lot going on here but yikwo cannot be the case uh cleveland firefighters is a much stronger case for uh the state there are no cases that are contrary to cleveland firefighters and so if it comes down to yikwo versus cleveland cleveland should win as for the my second point is the out-of-state cases that rosedale uh cites in its briefs and that the district court relied on uh those cases are not void-for-bigness cases they're just not if you read them they're police power cases with language that talks about arbitrariness or about unfettered discretion but they were not void-for-bigness cases and and a problem here is that whereas the language might sort of track uh uh an ordinance and that's another thing most of the cases are ordinances as opposed to statutes uh an ordinance can be arbitrary and not violate the due process clause and so to the extent that the district court and rosedale are bootstrapping void for vagueness conclusions from cases that have nothing to do with void-for-bigness uh that's that's not correct um as specifically for abrams uh which uh rosedale seems to believe supports them rosedale again involved in ordinance delegating authority to an administrator to an executive official so it's a totally different case from this case which is involving a statute delegating legislative authority to municipalities um that leads me to my third point this is a delegation of legislative authority and and no less than rosedale's complaint allege that if you look at paragraph 60 of its complaint this is joint appendix 462 rosedale itself pleaded that the consent provision is a delegation of legislative authority that's the way the district court understood this and that is the correct way to look at this and uh in terms of this chief judge you talked about this earlier uh if i could just pose a quick hypothetical if a municipality passes a resolution proactively denying consent to all new cemeteries that has to be legislation that is not administrative it's not executive it's the municipality exercising the legislative authority that the legislature has delegated to it and that type of resolution the fact that there is one circumstance in which the consent provision would not raise void for vagueness issues because there's no issue about notice there's no issue about arbitrary enforcement the municipality has has decided no more cemeteries in our town or municipality that saves the statute from a um invalidation on its face um and finally that that that application of it shows that they can't succeed yes your honor your honor is totally correct this case really if delegations of legislative authority are not subject to the void for vagueness doctrine at all this this case goes away they have to go back to the is your argument that for a facial challenge you need to show all applications uh fail on constitutional basis and you just laid out one that would not fail yes your honor that's a very high standard for a facial challenge that under all circumstances the statute or ordinance would be facially uh would be impermissibly vague okay my fourth and last point goes to the property interest argument which um to the extent that it was forfeited below your honors really under barna it should be considered by this court it's a purely legal issue we're talking about issues of great public importance and so the property interest should be um analyzed and addressed now as to what rosedale has or what any cemetery has if it were to uh comply with all the zoning ordinances they might be entitled to approval from the zoning board or the planning board but that doesn't get them to the finish line the municipal consent provision clearly says you must have municipal consent before you can build a new cemetery anywhere in new jersey and um the fact that that consent is discretionary means that roseale's argument is self-defeating you you can't have a property interest if the benefit you want is subject to discretion and that's what the supreme court held in the town of castle rock that's what chief justice suitor held in the um caesar's case from the first circuit uh we've cited other cases yell auto from the second circuit these are all courts that have recognized the very logical conclusion that if a if a legislator a legislative body or an executive officer if there is some uh discretion involved in whether uh there is a property interest then all you have is is is hope you you do not have a legitimate claim of entitlement and here she's argument that if that's if that's true and i'm not disagreeing with you necessarily because it uh can't at least speak for me i agree with you but what about his argument that well that's true then you can never really challenge the revision because you never really get the consent you need for the property interest the best and therefore you have an unconstitutional ordinance that remain unconstitutional statute that remains unchallengeable what about that position your honor the fact that you need a property interest to raise any due process claim is it's just black letter that doesn't mean that uh an applicant can't make other claims and here rosedale has an 18 count complaint there are lots of claims rosedale has made all we're saying is that the void for vagueness facial invalidation of the consent provision cannot be and so to the extent that uh an applicant has been treated unfairly or that uh there's been arbitrary capricious yes your honor and just procedurally the way this case started out was as an action in lieu of prerogative written state court so that is the standard way to you say your piece in front of a judge and the judge decides on the facts whether the municipality has acted reasonably or whether it's acted arbitrary arbitrarily here this case got very confused and convoluted when it became a federal constitutional case on a void for vagueness argument that isn't even in the complaint and so on some level it's very creative and it's one way to deal with this case but this case really is an as applied case it has to deal with the facts the parties have to keep going the state is here again just to defend the constitutionality of the consent provision we take no position as to uh anything else and uh as i'm open for further questions but we've really talked a lot about why the void for vagueness doctrine does not apply to delegations of legislative authority and that is the state's position thank you counsel uh do my colleagues have any other uh questions comments no okay great thank you uh we thank council this is for this uh for the excellent briefing and argument in this case uh very challenging case and an interesting case um i'd like to ask uh council to order a transcript of this oral argument um and we could split the cost between the appellants and the appellee uh the the clerk will be able to help you order the transcript and all um that would be helpful to us we'll take the case under advisement and we'd like to thank council again for for coming on zoom uh and wish everyone good health and i will ask that the clerk adjourn court for the day